Pro Se 14 (Rev. 12/16) Complaint for Violation of Civil Rights (Prisoner)

# UNITED STATES DISTRICT COURT
for the

_Northern_ District of _Alabama_   2022 JUN 16 P 3: 23

_____ Division

U.S. DISTRICT COURT
N.D. OF ALABAMA

Jon L. Johnson

_____
### Plaintiff(s)
_(Write the full name of each plaintiff who is filing this complaint.
If the names of all the plaintiffs cannot fit in the space above,
please write "see attached" in the space and attach an additional
page with the full list of names.)_

Lieutenant Dent M. Derrick
Lieutenant Gadson E. Roderick
Warden III Phillip Mitchell Capt. Gram
Commissioner Jefferson S. Dunn

_____
### Defendant(s)
_(Write the full name of each defendant who is being sued. If the
names of all the defendants cannot fit in the space above, please
write "see attached" in the space and attach an additional page
with the full list of names. Do not include addresses here.)_

)
)
)
)
)
)
)
)
)
)
)
)
)

Case No. 4:22-CV-752-MHH-SGC

_(to be filled in by the Clerk's Office)_

## COMPLAINT FOR VIOLATION OF CIVIL RIGHTS
(Prisoner Complaint)

### NOTICE

Federal Rules of Civil Procedure 5.2 addresses the privacy and security concerns resulting from public access to electronic court files. Under this rule, papers filed with the court should _not_ contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include _only_: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number.

Except as noted in this form, plaintiff need not send exhibits, affidavits, grievance or witness statements, or any other materials to the Clerk's Office with this complaint.

In order for your complaint to be filed, it must be accompanied by the filing fee or an application to proceed in forma pauperis.

Pro Se 14 (Rev. 12/16) Complaint for Violation of Civil Rights (Prisoner)

## I.    The Parties to This Complaint

### A.    The Plaintiff(s)

Provide the information below for each plaintiff named in the complaint. Attach additional pages if needed.

Name _Jane Lenoska Johnson_

All other names by which
you have been known: _AIS 079845_
ID Number
Current Institution _St Clair Correction Fac._
Address _1000 St. Clair Rd._
_Springville_        _Ala._    _35146_
            City                State        Zip Code

### B.    The Defendant(s)

Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation. Make sure that the defendant(s) listed below are identical to those contained in the above caption. For an individual defendant, include the person's job or title *(if known)* and check whether you are bringing this complaint against them in their individual capacity or official capacity, or both. Attach additional pages if needed.

Defendant No. 1
Name _Derrick M. Dent_
Job or Title *(if known)* _Lt._
Shield Number
Employer _St. Clair Corr. Fac._
Address _1000 St Clair Rd._
_Springville_        _Ala._    _35146_
            City                State        Zip Code

☑ Individual capacity    ☑ Official capacity

Defendant No. 2
Name _Phillip Mitchell_
Job or Title *(if known)* _Warden III_
Shield Number
Employer _St. Clair Corr. Fac._
Address _1000 St. Clair Rd._
_Springville_        _Ala._    _35146_
            City                State        Zip Code

☑ Individual capacity    ☑ Official capacity

Pro Se 14 (Rev. 12/16) Complaint for Violation of Civil Rights (Prisoner)

Defendant No. 3
 Name       Gadson Roderick L,
 Job or Title *(if known)* Lieutenant
 Shield Number
 Employer     St. Clair Corr. Fac.
 Address     1000 St Clair Rd.
        Springville Ala.
        *City*  *State*  *Zip Code*
        ☑ Individual capacity ☑ Official capacity

Defendant No. 4
 Name       Jefferson S, Dunn
 Job or Title *(if known)* Commissioner
 Shield Number
 Employer
 Address     301 S Ripley Street
        Montgomery Ala 36130
        *City*  *State*  *Zip Code*
        ☑ Individual capacity ☑ Official capacity

## II. Basis for Jurisdiction

Under 42 U.S.C. § 1983, you may sue state or local officials for the "deprivation of any rights, privileges, or immunities secured by the Constitution and [federal laws]." Under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971),* you may sue federal officials for the violation of certain constitutional rights.

A. Are you bringing suit against *(check all that apply)*:

 ☐ Federal officials (a *Bivens* claim)

 ☑ State or local officials (a § 1983 claim)

B. Section 1983 allows claims alleging the "deprivation of any rights, privileges, or immunities secured by the Constitution and [federal laws]." 42 U.S.C. § 1983. If you are suing under section 1983, what federal constitutional or statutory right(s) do you claim is/are being violated by state or local officials?
The right to use the Courts. hearing here at St Clair. The hearing Officer Violated my right to be present and which they Violated my first, fifth, and fourteenth Amendment to the Constitution. The right of access to the Court.

C. Plaintiffs suing under *Bivens* may only recover for the violation of certain constitutional rights. If you are suing under *Bivens*, what constitutional right(s) do you claim is/are being violated by federal officials?

Defendant No. 5
   Name                              Gram
   Job or Title (if know)            Captain
   Shield Number
   Employer
   Address                           St. Clair Corr. Fac.
                                     1000 St. Clair Rd.
                                     Springville  Al.      35146
                                        City       State    ZipCode

   ☒ Individual capacity  ☒ Official Capacity

Pro Se 14 (Rev. 12/16) Complaint for Violation of Civil Rights (Prisoner)

D.    Section 1983 allows defendants to be found liable only when they have acted "under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia." 42 U.S.C. § 1983. If you are suing under section 1983, explain how each defendant acted under color of state or local law. If you are suing under *Bivens*, explain how each defendant acted under color of federal law. Attach additional pages if needed.

## III.    Prisoner Status

Indicate whether you are a prisoner or other confined person as follows *(check all that apply)*:

☐    Pretrial detainee

☐    Civilly committed detainee

☐    Immigration detainee

☑    Convicted and sentenced state prisoner

☐    Convicted and sentenced federal prisoner

☐    Other *(explain)* _____

## IV.    Statement of Claim

State as briefly as possible the facts of your case. Describe how each defendant was personally involved in the alleged wrongful action, along with the dates and locations of all relevant events. You may wish to include further details such as the names of other persons involved in the events giving rise to your claims. Do not cite any cases or statutes. If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph. Attach additional pages if needed.

A.    If the events giving rise to your claim arose outside an institution, describe where and when they arose.

B.    If the events giving rise to your claim arose in an institution, describe where and when they arose.

On 2 side Lt. Gadson Roderick came to the
cell I was in and told me to get out of bed
and go to the door that I was going to lock up
he never gave me the opportunity to pack my stuff
he just took me to lock up and that was about
1:00 Apr. 20, 2022

Pro Se 14 (Rev. 12/16) Complaint for Violation of Civil Rights (Prisoner)

C.     What date and approximate time did the events giving rise to your claim(s) occur?

_April 20, 2022   1:00 P.M. at Q-2 side_

D.     What are the facts underlying your claim(s)? *(For example: What happened to you? Who did what? Was anyone else involved? Who else saw what happened?)* I was taking out of P.C. and place in Seg. Lt. Gadson L. Roderick without been serve my R-9. 72 hours Advice of investigation. I was not given the opportunity as it states on the Disc on line 4. That inmate must be present in the hearing room and also line 5. That I would be giving the right to give a statment and question to be read to my witnesses I have the right of access to the Courts" and this is a direct proof of discrimination within the administration here at the St. Clair Corr. Fac. and that they used hearsey testimony of the investigation Officer accuser guilty

V.     **Injuries**

If you sustained injuries related to the events alleged above, describe your injuries and state what medical treatment, if any, you required and did or did not receive. infliction of emotional distress. from my cell being ran over with the rats and roaches it's so bad that the rats stay try to get into my store good that are at the foot of my bed in a bag and the roaches are waking me up all the trying to get on me in my bad while I asleep. I having had a good night sleep since I've been in this cell

VI.     **Relief**

State briefly what you want the court to do for you. Make no legal arguments. Do not cite any cases or statutes. If requesting money damages, include the amounts of any actual damages and/or punitive damages claimed for the acts alleged. Explain the basis for these claims. I'm asking the courts to be place back over into Q-2 side which is P.C. to take the Disc. out of my jacket and to make sure that Lt. Dent be taking off the hearing Board. and that I get the sum of 1,000,000.00 in punitive damages from each defendant and a additional sum of 1,000.00 from each defendant in compensatory damages for each day I spend in Seg.

VII.   **Exhaustion of Administrative Remedies Administrative Procedures**

The Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a), requires that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."

Administrative remedies are also known as grievance procedures. Your case may be dismissed if you have not exhausted your administrative remedies.

A.    Did your claim(s) arise while you were confined in a jail, prison, or other correctional facility?

☑ Yes

☐ No

If yes, name the jail, prison, or other correctional facility where you were confined at the time of the events giving rise to your claim(s).

St. Clair Correctional Fac.

B.    Does the jail, prison, or other correctional facility where your claim(s) arose have a grievance procedure?

☐ Yes

☑ No  They Claim that there is not any at this Camp

☐ Do not know

C.    Does the grievance procedure at the jail, prison, or other correctional facility where your claim(s) arose cover some or all of your claims?

☑ Yes

☐ No

☐ Do not know

If yes, which claim(s)?

To have the Disc. taking a lot of my Jacket to be place back in P.C. where I was to take it. Dent off the hearing Board so that he would not stop any one else from going to lower lever Camp

Pro Se 14 (Rev. 12/16) Complaint for Violation of Civil Rights (Prisoner)

D.  Did you file a grievance in the jail, prison, or other correctional facility where your claim(s) arose
    concerning the facts relating to this complaint?

    ☐ Yes

    ☑ No

    If no, did you file a grievance about the events described in this complaint at any other jail, prison, or
    other correctional facility?

    ☐ Yes

    ☑ No

E.  If you did file a grievance:

    1.  Where did you file the grievance? To the warden Pillip Mitchell, Commissioner
        Jeffery Dunn, I&I, Central Records Divison, Board of Pardons

    2.  What did you claim in your grievance? I Claim that my rights to be present
        at my hearing was violated and which it states that on
        the Disc. on line 9. also I was Not giving the opportunity to here
        my statement or question read to my witnesses because I was
        Not at the hearing

    3.  What was the result, if any? Never responsed back

    4.  What steps, if any, did you take to appeal that decision? Is the grievance process completed? If
        not, explain why not. (Describe all efforts to appeal to the highest level of the grievance process.)
        The warden Phillip Mitchell Nor the Commissioner
        Jeffery Dunn would responsed there is No higher Level
        to go and trying to appeal

Pro Se 14 (Rev. 12/16) Complaint for Violation of Civil Rights (Prisoner)

F.    If you did not file a grievance:

1.    If there are any reasons why you did not file a grievance, state them here:

Here at St.Clair the Officers are Claiming that they don't have any grievance form but I wrote one up on my own and sent one to the Warden and the Commissioner, I also wrote the Warden a letter about the Disc. he would not responed I sending a copy of letter as well as the grievance that I wrote up and sent to

2.    If you did not file a grievance but you did inform officials of your claim, state who you informed, when and how, and their response, if any: I wrote up my own Administrative grievance stateing the facts of what happen in my Claim to the Warden and to the Commissioner. They did not responsed

G.    Please set forth any additional information that is relevant to the exhaustion of your administrative remedies. I have sent a Copy of the Disciplinary and a Copy of My administrative grievance that I wrote up telling how I was Violated.

*(Note: You may attach as exhibits to this complaint any documents related to the exhaustion of your administrative remedies.)*

## VIII.  Previous Lawsuits

The "three strikes rule" bars a prisoner from bringing a civil action or an appeal in federal court without paying the filing fee if that prisoner has "on three or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

To the best of your knowledge, have you had a case dismissed based on this "three strikes rule"?

☐ Yes

☑ No

If yes, state which court dismissed your case, when this occurred, and attach a copy of the order if possible.

Pro Se 14 (Rev. 12/16) Complaint for Violation of Civil Rights (Prisoner)

A.  Have you filed other lawsuits in state or federal court dealing with the same facts involved in this action?

☐ Yes

☑ No

B.  If your answer to A is yes, describe each lawsuit by answering questions 1 through 7 below. *(If there is more than one lawsuit, describe the additional lawsuits on another page, using the same format.)*

1.  Parties to the previous lawsuit

Plaintiff(s) _____

Defendant(s) _____

2.  Court *(if federal court, name the district; if state court, name the county and State)*

_____

3.  Docket or index number

_____

4.  Name of Judge assigned to your case

_____

5.  Approximate date of filing lawsuit

_____

6.  Is the case still pending?

☐ Yes

☐ No

If no, give the approximate date of disposition. _____

7.  What was the result of the case? *(For example: Was the case dismissed? Was judgment entered in your favor? Was the case appealed?)*

_____

C.  Have you filed other lawsuits in state or federal court otherwise relating to the conditions of your imprisonment?

Pro Se 14 (Rev. 12/16) Complaint for Violation of Civil Rights (Prisoner)

[✓] Yes

[ ] No

D.  If your answer to C is yes, describe each lawsuit by answering questions 1 through 7 below. *(If there is more than one lawsuit, describe the additional lawsuits on another page, using the same format.)*

1.  Parties to the previous lawsuit

    Plaintiff(s)    Jon L. Johnson

    Defendant(s)    Sgt. K. Lang Commissioner Jeffery Dunn, Commissioner Grantt
    Culliver, Warden Cynthia Stewart, Warden Phillip Mitchell, Warden Raybon, Lt. D. Brown, et.

2.  Court *(if federal court, name the district; if state court, name the county and State)*

    IN THE UNITED STATES DISTRICT COURT. SOUTHEN DISTRICT ALa.

3.  Docket or index number

    #: 1:18-CV-00349-WS-N

4.  Name of Judge assigned to your case

    Judge Katherine P. Nelson

5.  Approximate date of filing lawsuit

    08/08/2018

6.  Is the case still pending?

    [✓] Yes

    [ ] No

    If no, give the approximate date of disposition _____

7.  What was the result of the case? *(For example: Was the case dismissed? Was judgment entered in your favor? Was the case appealed?)*

    is on appealed

Pro Se 14 (Rev. 12/16) Complaint for Violation of Civil Rights (Prisoner)

## IX.    Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

### A.    For Parties Without an Attorney

I agree to provide the Clerk's Office with any changes to my address where case–related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing:

| | |
|---|---|
| Signature of Plaintiff | *Jon Senoska Johnsen* |
| Printed Name of Plaintiff | *Jon Lenoska Johnson* |
| Prison Identification # | *179845 X* |
| Prison Address | *1000 St. Clair Rd.* |
| | *Springville*  *Ala,* |
| | City  State  Zip Code |

### B.    For Attorneys

Date of signing:

| | |
|---|---|
| Signature of Attorney | |
| Printed Name of Attorney | |
| Bar Number | |
| Name of Law Firm | |
| Address | |
| | City  State  Zip Code |
| Telephone Number | |
| E-mail Address | |

To: Captain Gram                    April 22, 2022
RE: Disc. SCCF-22-00535-4                10:00 am.
From: Jon L. Johnson

Captain Gram I'm writting about
this Disc that I had or was Harassing
someone over in Q-2 side, which is
P.C. Now you know that they have
put Cameras up every where in the
blocks and you as well as the
Warden can role by them at any
given time, and I know this
because you have got them roled
back on a few inmates that I
know of and sent then to lock
up because as you have said in
the poss they was cought red
handed. So what I'm asking
why have you Not showed me
just whom I had suppose to
have been harassing and it
does not say on the Disc. whom
I was Harassing or how I was
harassing them you just can't
put a inmate in lock under these
Claim someone have to be the
victim in order for me to bright
a case Now they say that you
was the Captain that lock all
of the inmates up from over
on Q-2 side and they would like
for you to role back the Cameras
and just Show me whom I had
Harass at any time Thank you for
you Time          sincerely
                         Jon L Johnson

(1)

By Lt. Gadson Roderick was the arresting Officer his investigation should have showed more then just hearsay testimony that alone is insufficient to support the finding of guilt. Even when you have cramras in every block so when when and how they have violated you role back the Cramera show them just independent determination by Informant reliability whom wasn't even present at the heaving

Next The arresting violated by Not serving the inmate
R-9 - That states in the #403 Administrative Regulation Disc. Heaving Procedures For Major Rule Violations. That when places A inmate into seg he must be served a Disc. or a R-9 72 hours investigation Notice to let the inmate that he or she is been place into seg. under a investigation for 72 hour in which if a Disc. have Not been Served that you may have the right to return to pop. are to lesser security lever and this violation occurred April 20, 2022 1:00pm at Q-2 side P.C block.

Lt. Dent violated first by being a heaving Officer and Not giving the inmate the opportunity to be persent that states on line 9 on the Disc. itself that the inmate must be must be present at the heaving are there
Next the heaving additional page telling why he was not to hear my questing by Not giving me the opportunity my statement read and it states that on line 5 of the Disc,

Next. Lt Dent investigation relied toldly on the arresting investigation that the Officers testimony that he was told by reliable informent that petition had been harassing the victim the arresting Never states into his investigation how the petition had harass the victim Nor did he ever stated that the reliable informant

ever stated how the victim had been harass (2)
and investigation officer testimony that the victim
had identified petition as being the harasser
is insufficient to support finding of guilt
absent corroboration or explanation for absence
of victim from hearing The petition contend
that his due process requires was violated by the
hearing Officer by Not giving him the opportunity
to be present at his hearing to be able to confront
his accuser of his grievances and this occured
on 04/26/2022 8:15 A.m

Warden Phillip Mitchell responsible as the
warden is to ensure the safety of every inmate
into follow the rules that the Commissioner put
fort him and his job title make him liable for
any Violation that his Officers violate my
rights so he is liable for failing to protect
my due process right to be present at my
hearing he fail to intervene and deliberate
indifference to know that his Officer violated
and refuse to remove the Disc, out of my
jocket when it clearly states on the Disc,
itself line 9 states that a inmate must
be present at his hearing if Not that
there must be additional page explain
and once he didn't see that additional
Page he could have role back the cramera
to see did I go to the hearing but he
refuse to do so he deliberate refuse
to see did I reserved my due process
I wrote warden Mitchell 04/26/2022

(3)

asking him to look back at the Disc. and to revisit the cramera to see and he Never wrote me back

So I wrote the commissioner Jefferson Dunn because he is the Over seeer of them all he is the one whom make the rules telling him just how from how the Officer Never served me a R-Q how the hearing Officer refused me to go to the hearing violated my due process and he Never wrote me back and the Disc. is still in my jacket

I wrote Capt Gram back on April 22, 2022 asking her why she wouldn't role back the Cramera because she was the one whom got every one lock up from Over on Q-2 side all because of what one inmate wrote her and stated she role the cramera back and showed every one of them where they had violated but when it came to me she refuse to the word of a inmate that Never Come foort to the hearing and Never Show up On MY Disc. but yet I got Chovged for harassment from meer hearsay statement.

To: Warden III Phillip Mitchell    04/26/2022 3:30 pm
RE: Disc. SCCF-22-00535-4 Charged Violation 513-Harassment
Form: Inmate Jon L. Johnson 179845 x

Sir. I writing you and asking you to please look at this Disc. Sir Harassment is not me. I dont care how the arresting Officer or the hearing Officer got his out come but those are lies. Sir you know me from Holman Corr. Fac. when you was a Warden II and you have Never heard anything such as this about me. I have ask the hearing Officer to roll back the camera to see just whom it was that I was suppose to harass at anytime over in Q-2 side just like they do all the other inmate but he wouldn't give me that opportunity nor would the Officer that arrest me. I was just place over in Seg. without the giving the same rights as all the other inmate that they have said whom have violated some type of rules Nor was I giving the opportunity to go to my on hearing. Lt. Dent came and told me that if I would plea guilty to the Disc. that he would give me 10 day and that if I go to the hearing he was going to give me 30 day he ask me did I have any question and statement for the hearing I told him yes. He told me to give them to him I did and He told me to get ready but he never came back some hours letter a Officer G. Bice 1560 came to my cell with the Copy that you had approved I refused to sign any of that Disc. the hold thing is and was a Violation and I'm asking you to roll back the Camera to see just whom is lieing and to put me back where I was over in Q-2 side and to take this Disc. out of my jacket.

Sincerely
Jon S. Johnson
179845
I.A

0017845X    X

**DISC004**

Alabama Department of Corrections

**DISCIPLINARY REPORT**
403A Warden Decision

**Incident Report Number:**    SCCF-22-00535

1. **Inmate:**    JOHNSON, JON LENOSKA    **Custody:**    MEDIUM    **AIS:** 00179845X

2. **Institution:**    ST.CLAIR CORRECTIONAL FAC.    **Disc #:** SCCF-22-00535-4

3. **The above inmate is being charged by:**    GADSON, RODERICK L

   **with a violation of the following Rule(s):**

   513 - Harassment

   **From Administrative Regulation #403, which occured on or about:**

   Apr 20 2022  1:00PM at Q-2 side

   **A hearing on this charge will be held after 24 hours from being served.**

4. **Circumstances of the violation(s) are as follows:**

   You, inmate Jon Johnson B/179845 was found thru an investigation to be harassing numerous inmates on Q-2 side that did not want to be identified due to safety issues. This investigation was conducted by Lieutenant Gadson.

   | | |
   |---|---|
   | 04/20/2022 | GADSON, RODERICK L / Lieutenant |
   | Date | Arresting Officer Name / Title |

5. **I hereby certify that on this 21st day of April, 2022, at (time) 11:08:00, I have personally served a copy of the foregoing upon the above named inmate and I have informed the inmate of his/her right to present oral or written statement at the hearing and to present written questions for the witnesses.**

   | | |
   |---|---|
   | ROSAS, RAFAEL A | Inmate Refused to Sign |
   | Serving Officer Name / Title | Inmate's Signature / AIS Number |

6. **Witnesses desired?**    **NO:** _____    **YES:** See Signed 403A (1-4)

   Inmate's Signature    Inmate's Signature

7. **If yes, list:**    31, Cell
   Davis, Shawn
   Scott, 47 Cell

8. **Hearing Date:**    April 26, 2022    **Time:**    08:15:00    **Place:**    RHU

9. **Inmate must be present in Hearing Room. If he / she is not present, explain in detail on additional page and attach.**

10. **The Arresting Official, Inmate, and all Witnesses were sworn to tell the truth.**

    DENT, DERRICK M
    Hearing Officer Name / Title

11. **A finding is made that the inmate is capable of representing himself / herself.**

    DENT, DERRICK M
    Hearing Officer Name / Title

12. **Plea:**    JOHNSON, JON LENOSKA / 00179845X    **Not Guilty**

13. **Arresting Official's testimony (at the hearing):**

    Inmate Jon Johnson B/179845 was found thru an investigation to be harassing numerous inmates on Q-2 side that did not want to be identified due to safety issues.

14. **Inmate's testimony:**

    I'm not guilty (see attachment)

    **14a Witness:**    31, Cell

    **Testimony:**    Questions for inmate Milton Reed B/190878 are uploaded to this report.

Alabama Department of Corrections

## DISCIPLINARY REPORT CONTINUATION SCCF-22-00535-4
403A Warden Decision

**15. The inmate was allowed to submit question(s) to all witnesses. Copy of questions and answers are attached.**

DENT, DERRICK M
Hearing Officer Name / Title

**16. The following witnesses were not called:**

| | |
|---|---|
| **Witness:** | Davis, Shawn |
| **Reason Not Called:** | Inmate Davis refuse to be a witness or give a testimony |
| **Witness:** | Scott, 47 Cell |
| **Reason Not Called:** | Inmate Scottie Harris w/178783 refuse to be a witness or give a testimony |

**17. After hearing all of the testimony, the Hearing Officer makes the following findings of fact (Be Specific):**

The hearing Officer finds that:

I find inmate Johnson guilty.

**18. Basis for finding of fact:**

Two of inmate Johnson's witnesses refuse to offer any type of testimony. The question's inmate Johnson had for inmate Milton Reed where character questions and not incident questions. Several other inmates gave detailed information on this incident.

**19. Hearing Officer's decision:**    [ X ]  **Guilty**      [ ]  **Not Guilty**      [ ]  **Recommend for reinitiation**

**20. Hearing Officer's recommendation of sanction(s) to be taken against this inmate:**

[ ] Counseling / Warning

[ ] Extra Duty for _____ days at _____ hours per day under supervision _____ Shift

[ ] Loss of Outside privileges for _____ days

[X] Loss of Canteen privileges for 30 days, as of 04/26/2022

[X] Loss of Telephone privileges for 30 days, as of 04/26/2022

[X] Loss of Visiting privileges for 30 days, as of 04/26/2022

[ ] Removal from Hobby Craft

[ ] Loss of Good Time _____ Yrs _____ Mos _____ Dys

[X] Disciplinary Seg for 15 days

[ ] Recommend Custody Review

[ ] Recommend Job Change

[ ] Financial Compensation _____

**Community Based Institutions Only:**

[ ] Draw cut to __ (min $25) for __ days

[ ] Restriction / State Whites for _____ days

[ ] Loss of Passes for _____ days

[ ] Return to Inmate Staff for _____ days

DENT, DERRICK M
Hearing Officer Name / Title

**21. Warden's Action - Date:**      04/26/2022

**Approved**      Phillip Mitchell  ✓

**Disapproved**

**Other (specify)**

**22. I hereby certify that a completed copy of the foregoing Disciplinary Report was served on the above named Inmate on this the** _26_ **day of** _April_ **, 20** _22_ **at (time)** _12:50_ **( am /** pm **).**

Alabama Department of Corrections

**DISCIPLINARY REPORT CONTINUATION SCCF-22-00535-4**
403A Warden Decision

**23.**    *R. Bice / SCO*

Serving Officer Name / Title

*Refuse to Sign / R H*

Inmate's Signature / AIS Number

Distribution:    Original to Central Records Division

Copy to:    I & I (If Federal or State law violated)

Inmate Institutional File

Board of Pardons and Parole

Sentencing Judge (if applicable)

Administrative Grievance    5/10/2022
1:30 pm

Institution: St.Clair Correction Fac.

To: Warden III Philip Mitchell

RE: Disc SccF-22-00535-4

OF: Administrative Regulation #403
Arrestin Officer: Lt. Gadson Roderick
Hearing Officer: Lt Dent Derrick M.
From: Inmate: Jon L. Johnson 179845 X

Dear Sir, Warden III Philip Mitcell, I'm
writen you Concerning the Disc. SccF-22-00535-4
that you approved on 04/26/2022 about 6:00
hours after the hearing the same day Not the
other warden whom sign off on all the other
disc. but you took it on your on to look into
my disc. and did your on investigation and
approved my the same day about 6:00
hours the same day.

Sir I was place in seg. which had to be under
a investigation because I didn't received a
disc. until [6] days later so it had to be a
investigation I guess. but if so. Sir there
is a procedural that must be done when placen
a inmate into lock up under a investigation
and that is he must be serve a R-9 which
is to let the inmate know why he is being
place in seg and it is a R-9 - 72 hours investigation
Notice to let the inmate know why he place
in seg. and if you had look and did your
investigation you would have seen that
I was Never serve one and that was
the first violation that was done to me.

to role back the cramira at any time and you would see that I'm Not licing. Capt England ask me to get ready and ask me did I have any qesstion and statment for my hearing I told him yes and he told me that he would be back but he Never did. On April 26, 2022 at around 7:30 d.m Lt. Dent Derrick told me that I could meke it easy on myself by plead guilty and taking these 10 days I told him that I'm not quilty while I'm going to have to give you 30day I told him that I'm not going to plead quilty to anything that I didnt do. He then ask me did I have any question for my witnesses and did I have a open statement for my hearing I told him yes I do Lt. Dent then told me to give him my question and statement for my hearing I told him yes I do Lt. Dent then told me to give him my question and statement to him I did he then told me to get ready for my hearing and then he trun around and left the block. at around about 2:45 p.m. April. 26, 2022 that same day a Officer R. Bricsceo came to my cell asking me to sign the approved Copy that you had approved and I told him that I was not going to sign that Because I Never went to the hearing and I Never heard my statement Nor did I know if my witnesses had there question read to them

he then left went got Lt. Dent and he came back telling me that he was going to fine me guilty anyway even if I had came to the hearing. I told him that the rules I must be at the hearing and that there are rules of a hearing that a hearing officer must go by when he is the hearing officer he told me that he make the rules hear. Not only have they refuse my right to the very the camera role back to see whom I had harass.

Sir, If you look at that disc. you will not see any addition page or Attach telling why I was not there are that I had refuse to be a my hearing and lived on the disc. tell you that it suppose to be. take the time out to look at it. Sir I must give reason why I didn't want to be there and you want see one. I'm asking that a investigation be done on this matter and that you role back the cramera at anytime to see whom is telling the truth I'm asking you remove this disc. out of my jacket. place me back in Q-2 side where I was and also remove Lt. Dent from being over any more disc. hearing so that he will not violate anymore inmates and to send copy of this letter to the Commissioner Jeff Dunn, I & I Divisoy, Board of Pardons and also to my Sentenery Central Records Judge,

sinerely ___ S. Johnson
1798450X